IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-01524-RBJ

**RICHARD WOLF**,

    Plaintiff,

v.

**MEADOW HILLS III CONDOMINIUM ASSOCIATION, CAROL WILLAMS, STEPHANE DUPONT and WINZENBURG, LEFF, PURVIS & PAYNE, LLP**,

    Defendants.

## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, Meadow Hills III Condominium Association and Carol Williams, by and through their attorneys, Sutton | Booker | P.C., hereby submit the following Motion for Judgment on the Pleadings as permitted by the Court's June 16, 2021 order [ECF No. 45]:

## CONFERRAL

The parties have conferred as required under the Court's Practice Standards, p. 2. The Court has permitted Meadow Hills III Condominium Association and Carol Williams to file this Motion [ECF No. 45].

## BACKGROUND

This case arises out of two distinct events, a foreclosure action filed by Meadow Hills III Condominium Association ("Meadow Hills") against Plaintiff in November 2016 and a parking accommodation request made by Plaintiff in October or November 2017 (the "Parking Accommodation"). Am. Comp. [ECF No. 9] at ¶¶ 6, 63, 88, 143. No other specific conduct is described in the Amended Complaint. Carol Williams is a former board member and president of

Meadow Hills. Wizenburg, Leff, Purvis & Payne LLP ("WLPP") represented Meadow Hills during the foreclosure action and Stephane Dupont was an employee of WLPP.

## UNDISPUTED FACTS

1. On June 9, 2016, WLPP filed a county court action (Arapahoe County, Colorado case no. 2016C39616) on behalf of Meadows Hills against Plaintiff seeking recovery of past-due amounts owed by Mr. Wolf to Meadow Hills. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

2. On November 7, 2016, Meadow Hills filed Arapahoe County, Colorado case no. 2016CV32669 (the "Foreclosure") against Plaintiff and consolidated 2016C39616 into 2016CV32669.

3. On November 16, 2016, Plaintiff filed a petition for bankruptcy (*In Re: Richard Roiz Wolf*, case no. 16-21238-MER, the "Bankruptcy") and the Foreclosure was stayed. Meadow Hills subsequently filed a proof of claim in the Bankruptcy and Plaintiff filed an objection to that claim. *See McDaniel v. Navient Sols. LLC (In re McDaniel)*, 973 F.3d 1083, 1087 n. 3 (10th Cir. 2020) (courts may take judicial notice of bankruptcy court filings).

4. On May 30, 2017, Plaintiff filed a housing discrimination complaint with the Colorado Civil Rights Division ("CCRD") against Meadow Hills, Ms. Williams, and WLPP, among others, raising allegations substantially similar to those in this case (CCRD case no. FH2017578095, the "Housing Complaint"). Answer, Ex. D [ECF No. 22-4].

5. On June 23, 2017, Meadow Hills and Plaintiff entered into the Stipulation Regarding Debtor's Objection to Proof of Claim in the Bankruptcy (the "First Stipulation") to

resolve Meadow Hills' proof of claim and Plaintiff's objection, which included, among other things: (1) a general release signed by Plaintiff releasing the Defendants from all liability for claims relating to the Foreclosure and the Housing Complaint; (2) an agreement that Plaintiff would withdraw the Housing Complaint; and (3) an agreement that Plaintiff would sell his condominium within 75 days. Answer, Ex. A, B [ECF No. 22-1, 22-2].

6. Plaintiff withdrew the Housing Complaint on June 26, 2017 and in doing so signed an additional waiver of the claims contained therein. Answer, Ex. E [ECF No. 22-5].

7. After Plaintiff failed to sell his condo within the prescribed amount of time, the parties entered into the Stipulation Regarding Debtor's Motion for Order of Court, and to Determine Validity, Priority, and Amount of Secured Lien and Stipulation for Relief from Stay in the Bankruptcy on March 13, 2018 (the "Second Stipulation"). Answer, Ex. C [ECF No. 22-3]. The Second Stipulation was approved and adopted as an order of the bankruptcy court on March 22, 2018. *In re Wolf*, Case 16-21238-MER, Doc#87. Importantly, the Second Stipulation revived the release of claims related to the Foreclosure and the Housing Complaint and included an admission by Plaintiff that Meadow Hills did not discriminate against him with respect to his Parking Accommodation. *Id* at ¶¶ 12, 13.

8. On April 30, 2018, Plaintiff voluntarily dismissed the Bankruptcy and later sold his home pursuant to the Second Stipulation, free of foreclosure. Am. Comp. [ECF No. 9] at ¶ 98. Meadow Hills voluntarily dismissed the Foreclosure after the past-due amounts owed by Plaintiff were paid.

9. On February 20, 2019, Plaintiff filed a second housing discrimination complaint with CCRD against Meadow Hills and Ms. Williams for the Parking Accommodation, among other things, CCRD case no. FH2019643176. Plaintiff's allegations in FH2019643176 were

improperly before CCRD based on Plaintiff's prior releases. CCRD ultimately dismissed FH2019643176 on its merits, finding no discrimination on the part of any Defendant. *See* DORA Determination Letter, attached hereto as Exhibit A; *S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1192 (D.N.M. 2013) (courts may take judicial notice of matters of public record). Plaintiff appealed and lost.

10. Plaintiff filed this case on May 28, 2020. Comp. [ECF No. 1]. Plaintiff filed an Amended Complaint on July 29, 2020. Am. Comp. [ECF No. 9]. Defendants Meadow Hills and Ms. Williams filed an Answer to the Amended Complaint on October 8, 2020 [ECF No. 22], which included five attachments: the two stipulations entered in 16-21238-MER and the release associated with both [ECF No. 22-1, 22-2, 22-3]; Plaintiff's Housing Complaint, FH2017578095 [ECF No. 22-4]; and Plaintiff's withdrawal of FH2017578095 [ECF No. 22-5].

11. Plaintiff now asserts six claims against Meadows Hills and/or Ms. Williams: (1) conspiracy to interfere with civil rights (Am. Comp. [ECF No. 9] at ¶¶ 101-111); 2) discrimination in violation of the Fair Housing Act (FHA) (*Id.* at ¶¶ 112-134); 3) failure to reasonably accommodate (*Id.* at ¶¶ 112-134); 4) breach of fiduciary duty (*Id.* at ¶¶ 150-165); 5) breach of the statutory obligation of good faith (*Id.* at ¶¶ 166-170); and 6) breach of the implied covenant of good faith and fair dealing (*Id.* at ¶¶ 171-175).

12. All of Plaintiffs' claims, except for failure to accommodate, arise from the Foreclosure.

## **LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Jacobsen v. Deseret Book*

4

*Co.,* 287 F.3d 936, 941 n.2 (10th Cir. 2002). The Court must "accept all well-pleaded allegations in the complaint as true and 'construe them in the light most favorable to the plaintiff.'" *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 529 (10th Cir. 1992) (*quoting Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). To survive a Rule 12(b)(6) motion, the complaint must plead sufficient facts, taken as true, to provide "plausible grounds" that discovery will reveal evidence to support the plaintiff's allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory allegations, however, are insufficient. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Dismissal is appropriate "'when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.'" *Id.* (*quoting Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991)).

Rule 12(c) motions differ from Rule 12(b)(6) motions in in that a successful Rule 12(c) motion may result in dismissal with prejudice when the basis for dismissal is substantive rather than procedural. *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1280-1282 (D. Kan. 1997). *See, also, Strepka v. Jonsgaard*, 2012 U.S. Dist. LEXIS 18586, *5 (D. Colo. 2012) (Jackson, J.) (dismissing claim with prejudice under Rule 12(c)).

In ruling on a Rule 12(c) motion, the Court may consider documents submitted with a pleading as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1274 (10th Cir. 2001). *See* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The legal effect of documents submitted as exhibits to pleadings is determined by their contents rather than by allegations in the pleadings. *Jacobsen*, 287 F.3d at 941-42. The Court is not required to accept legal conclusions or factual claims at variance with the express terms of such documents. *Olpin v. Ideal Natl. Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969). The Court may therefore consider all documents submitted as exhibits to the pleadings in deciding this Rule

12(c) motion without converting it into a summary judgment motion. *See Turner v. Schultz*, 130 F.Supp.2d 1216, 1221 (D. Colo. 2001). The Court may also in the same way take judicial notice of state court documents on a Rule 12(c) motion. *Denver Health & Hosp. Auth. v. Beverage Distribs. Co.,* LLC, 546 Fed. Appx. 742, 747 (10th Cir. 2013).

## ARGUMENT

All of Plaintiff's claims have previously been released, three times with respect to those claims arising from the Foreclosure. Even if not released, the statute of limitations has run on all of Plaintiff's claims. Moreover, Plaintiff's failure to accommodate, fiduciary duty, statutory obligation of good faith, and implied covenant of good faith and fair dealing claims fail to state a claim for which relief can be granted. Plaintiff has not alleged any conduct on the part of Ms. Williams and Plaintiff's claims against Ms. Williams for conduct attributable to Meadow Hills are statutorily barred by the Colorado Common Interest Ownership Act (CCIOA).

I.      *Plaintiff Released the Claims Giving Rise to this Lawsuit Three Separate Times.*

"A release is the relinquishment of a vested right or claim to a person against whom the claim is enforceable." *Diebold Enterprises Sec. Sys., Inc. v. Low Voltage Wiring, Ltd.*, 597 F. App'x 475, 482 (10th Cir. 2015) (citing *Neves v. Potter*, 769 P.2d 1047, 1049 (Colo.1989)). "Once a claim is released, the release bars the injured party from seeking further recovery." *Id*.

"Releases are interpreted using normal tools of contract interpretation." *Id*. Contract interpretation involves determining the mutual intent of the parties, first by looking at the plain language of the contract, construed in accordance with the generally accepted meanings of the words therein. *Id*. (collecting cases).

6

Plaintiff fully released his claims against all Defendants by signing the First Stipulation on June 23, 2017. Answer, Ex. A [ECF No. 22-1]. The First Stipulation provides, in relevant part, "Debtor has provided to the Association, its agents and assigns and attorney a general release of all claims." *Id*. at ¶ 11. The referenced general release fully releases Defendants from all then existing claims generally and all claims associated with the Foreclosure and the Housing Complaint specifically. Answer, Ex. B [ECF No. 22-2]. Importantly, Plaintiff's allegations in the Housing Complaint were substantially similar to Plaintiff's allegations in this case and the Foreclosure is what gives rise to the majority of Plaintiff's claims in this lawsuit. *See* Answer, Ex. D [ECF No. 22-4].

Plaintiff subsequently waived all claims related to the Housing Complaint a second time when he withdrew that complaint. *See* Answer, Ex. E [ECF No. 22-5]. Plaintiff's signed CCRD withdrawal form included Plaintiff's attestation that, "I understand that I may not pursue this matter further, through any administrative or judicial process." *Id*.

Plaintiff waived all of his claims a *third* time by signing the Second Stipulation on March 13, 2018. *See* Answer, Ex. C [ECF No. 22-3]. The Second Stipulation reiterated Plaintiff's prior full release of then existing claims from the First Stipulation and included an admission by Plaintiff that "[Meadow Hills] has not conducted itself in a discriminatory fashion with respect to [Plaintiff's] request for reasonable accommodation the form of a parking space." *Id*. at ¶ 13.

The plain language of all three releases is clear and unambiguous – Plaintiff fully released Defendants three times for all claims arising from the Foreclosure and has released Defendants once from all claims arising from his Parking Accommodation. Plaintiff also admitted in a bankruptcy court filing that Meadow Hills did not act in a discriminatory matter with respect to the Parking Accommodation. *Id*. at ¶ 13. Two of these releases were filed in the Bankruptcy, one

7

entered as an order, and one of the releases was made directly with the State of Colorado with the Defendants clearly intended as beneficiaries. Moreover, the Amended Complaint itself acknowledges that Plaintiff eventually sold his house pursuant to the Second Stipulation, giving proof to its validity. Am. Comp. [ECF No. 9] at ¶ 98.

All of Plaintiff's allegations in this case have previously been released by Plaintiff and his attempt to revive them in this action is meritless.

II. *Plaintiff's Conspiracy Claim is Barred by the Statute of Limitations.*

Plaintiff's claim of conspiracy to interfere with civil rights pursuant to 42. U.S.C. § 1985(3) is barred by the statute of limitations with respect to all Defendants. As no express statute of limitations is built into 42. U.S.C. § 1985(3), the local statute of limitation for similar causes of action applies. *Eubank v. Leslie*, 210 F. App'x 837, 841 (11th Cir. 2006). The applicable Colorado statute of limitations is two years. C.R.S. § 13-80-102.

Plaintiff's conspiracy claim is based on Meadow Hills' decision to file the Foreclosure against him. Am. Comp. [ECF No. 9] at ¶ 110. That decision occurred in November 2016, well outside of the statute of limitations. *Id*. at ¶¶ 81, 82. The Complaint was filed on May 28, 2020, setting the last actionable date for any "conspiracy" as May 28, 2018, well after the Foreclosure. Comp. [ECF No. 1].

III. *Any FHA Claim is Barred by the Statute of Limitations.*

Any FHA claim arising from the Foreclosure or the Parking Accommodation is barred by the statute of limitations with respect to all Defendants. Claims under the FHA must be brought within two years of the alleged discriminatory housing practice. 42 USCS § 3613. The statute of limitations for FHA claims is tolled while an FHA claim is properly before the Secretary of Housing and Urban Development (HUD). *Id*; *Kennedy v. City of Zanesville*, OH, 505 F. Supp. 2d

456, 489 (S.D. Ohio 2007). Plaintiff's housing complaints were state law claims before a state agency, not HUD. *See* Answer, Ex. D [ECF No. 22-2] p. 3; Exhibit A.

Even if CCRD's consideration of Plaintiff's housing complaints tolled the statute of limitation, Meadow Hills filing of the Foreclosure was not before CCRD in case no. FH2019643176, the Parking Accommodation was outside the statute of limitations for CCRD to consider at the time FH2019643176 was filed, and all of Plaintiff's claims arising from the Foreclosure or the Parking Accommodation were waived prior to his filing of CCRD case no. FH2019643176. *See* Exhibit A pp. 4-5; C.R.S. § 24-34-504(1) (CCRD complaint must be brought "within one year after the alleged discriminatory or unfair housing practice occurred"). As such, none of Plaintiff's claims in this case were validly before CCRD in case no. FH2019643176. *See* Answer, Ex. A, C, E [ECF No. 22-1, 22-3, 22-5]. Thus, even under the most generous interpretation of 42 USCS § 3613, the statute of limitations with respect to FHA claims arising from the Foreclosure or the Parking Accommodation was tolled for a maximum of 22 days, the time during which FH2017578095 was considered by CCRD. 42 USCS § 3613.

The Complaint was filed on May 28, 2020, and even with the tolling for the Housing Complaint, the last actionable date for any FHA violation was May 6, 2018. Comp. [ECF No. 1]. Plaintiff's second claim, violation of the FHA, is based on Meadow Hills' decision to file the Foreclosure against him. Am. Comp. [ECF No. 9] at ¶¶ 128 - 131. That decision occurred in November 2016, well outside of the two-year statute of limitations. *Id.* at ¶¶ 81, 82. Plaintiff's Parking Accommodation occurred in October or November, 2017, also well outside the statute of limitations. Am. Comp. [ECF No. 9] at ¶¶ 88, 143

IV.   *Plaintiff's Failure to Accommodate Allegation Fails to State a Claim for Which Relief Can be Granted.*

In addition to being barred by the statute of limitations, Plaintiff's failure to accommodate claim against Meadow Hills fails to state a claim for which relief can be granted. A plaintiff asserting a discrimination claim under the FHA for failure to accommodate must prove, among other things, "that defendant refused to make the requested accommodation." *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006); *see also Arnal v. Aspen View Condo. Ass'n, Inc.*, 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016).

The Amended Complaint acknowledges that Plaintiff's accommodation request was not denied. Am. Comp. [ECF No. 9] at ¶ 144. Plaintiff has also already admitted in a separate court filing that Meadow Hills did not act discriminatorily with respect to his parking accommodation request. *See* Answer, Ex. C [ECF No. 22-3]. As Plaintiff's accommodation request was not denied and Plaintiff himself has admitted that Meadow Hills did not act in a discriminatory manner in granting the request, Plaintiff's failure to accommodate allegation fails to state a claim for which relief can be granted. *See Dubois*, 453 F.3d 1175.

V.  *Plaintiff's Breach of Fiduciary Duty Allegation Fails to State a Claim for Which Relief Can be Granted and is Barred by the Statute of Limitations.*

Plaintiff's breach of fiduciary duty claim against Meadow Hills and Ms. Williams lacks any basis in fact or law. As a board member of an HOA, Ms. Williams is expressly exempt from fiduciary duties except in limited circumstances not relevant here. C.R.S. § 38-33.3-303(2). Similarly, it is a well settled principle of corporate law that as a nonprofit corporation, Meadow Hills itself does not owe any fiduciary duties. *See Jayhawk Capital Mgmt., LLC v. LSB Indus., Inc.*, 08-2561-EFM, 2012 WL 4210462, at *9 (D. Kan. Sept. 19, 2012) ("In the same way that a person cannot be his or her own fiduciary, that separate corporate entity owes no fiduciary duties to itself or its shareholders"); *see also Buttonwood Tree Value Partners, L.P. v. R.L Polk & Co.,*

10

*Inc.*, CIV.A. 9250-VCG, 2014 WL 3954987, at *1 (Del. Ch. Aug. 7, 2014) ("a corporation owes no fiduciary duties to its owners"). Such duties are often assigned to officers and directors, by statute, but not to the entity a whole. *See, e.g.,* C.R.S. § 7-128-401 (preempted by CCIOA in the HOA context pursuant to C.R.S. § 38-33.3-303 and C.R.S. § 38-33.3-319).

Colorado has recognized a limited exception in the HOA context, acknowledging a fiduciary duty with respect to enforcement of restrictive covenants, which is not at issue in this case. *Colorado Homes, Ltd. v. Loerch-Wilson*, 43 P.3d 718, 721 (Colo. App. 2001). Even this decision arguably conflicts with statute, however. *See* C.R.S. § 38-33.3-303. As a homeowners association can only act through its board members, applying a fiduciary obligation on the organization would impose the same obligation on the actions of its the board members, seemingly in contradiction to the clear legislative intent behind C.R.S. § 38-33.3-303(2). Neither the *Colorado Homes* decision nor its progeny address this apparent conflict. 43 P.3d 718.

Furthermore, claims for breach of fiduciary duty are subject to a three-year statute of limitation. C.R.S. § 13-80-101. Plaintiff's breach of fiduciary duty claim arises out of the Foreclosure. Even if, *arguendo*, Meadow Hills or Ms. Williams owed Plaintiff a fiduciary duty, the Foreclosure occurred on November 7, 2016, well outside the statute of limitations.

VI. *Plaintiff's Statutory Obligation of Good Faith and Implied Covenant of Good Faith and Fair Dealing Allegations Fail to State a Claim for Which Relief can be Granted and are Barred by the Statute of Limitations.*

Colorado recognizes an implied duty of good faith and fair dealing in contracts. *New Design Constr. Co., Inc. v. Hamon Contractors, Inc.*, 215 P.3d 1172, 1181 (Colo. App. 2008). Colorado law also establishes an express duty of good faith applicable to duties and contracts governed by CCIOA, which includes a declarations. C.R.S. § 38-33.3-113. Declarations are

mandatory legal documents for all common interested communities and are generally governed by, and derive power from, CCIOA. *See* C.R.S. § 38-33.3-101 *et seq.*; C.R.S. § 38-33.3-201.

While the interaction between these concepts does not appear to have been addressed by Colorado courts, CCIOA expressly preempts other areas of Colorado law. C.R.S. § 38-33.3-319. While the nature of the duty in either instance may be the same, the applicable statute of limitations is different, creating a meaningful, substantive conflict between the two duties. See C.R.S. § 13-80-102 (general two-year statute of limitations applicable to CCIOA claims); *compare* C.R.S. § 13-80-101 (three-year statute of limitations applicable to contract claims). Therefore, the only duty of good faith applicable to performance under a declaration is the duty prescribed by C.R.S. § 38-33.3-113, not the common law implied duty of good faith and fair dealing. *See* C.R.S. § 38-33.3-319.

The only contract the Amended Complaint purports to identify is Meadow Hills' Declaration. Am. Comp. [ECF No. 9] at ¶ 173. Regardless of the theory applied, however, the Amended Complaint completely fails to identify what obligation in the declaration was violated, how Meadow Hills or Ms. Williams is alleged to have acted in bad faith, or when such bad faith occurred. Furthermore, even under the longer contract statute of limitations, based on the date the Complaint was filed, the last actionable date for any bad faith would be May 28, 2017, well after the Foreclosure. Comp. [ECF No. 1].

Other than reference to Meadow Hills' declaration, the Amended Complaint does not allege any specific violations of CCIOA. Absent reference to any specific duty governed by CCIOA, Plaintiff's statutory bad faith claim lacks any basis in fact or law. As described above, any claim for bad faith under CCIOA or any other cause of action arising under CCIOA is subject to a two-year statute of limitation. C.R.S. § 13-80-102. The last actionable date for any cause of

action giving rise to a CCIOA claim as May 28, 2018, well after all of the conduct described in the Amended Complaint.

    VII.    *Ms. Williams is an Inappropriate Defendant and Plaintiff's Claims Against her are Barred by Statute.*

Generally, board members and officers of both nonprofit corporations and for-profit corporations cannot be individually sued for the actions taken in their roles absent a breach of prescribed fiduciary duties. C.R.S. § 7-108-402; C.R.S § 7-128-401(4). CCIOA takes this further, establishing that unit owners are not liable for any act of the association and eliminating all fiduciary duties for board members and officers except in specific, limited circumstances. C.R.S. § 38-33.3-311; C.R.S. § 38-33.3-303(2)(b) (read in connection with C.R.S. § 38-33.3-303(2)(b) and (2.5) which set for the only instances where fiduciary duties apply). Board members and officers of CCIOA communities can only be held liable for willful and wanton acts that are not acts of the association. C.R.S. § 38-33.3-311; C.R.S. § 38-33.3-303(2)(b).

It is undisputed that Meadow Hills is a CCIOA community. Plaintiff has not alleged any individual act on the part of Ms. Williams, let alone any willful and wanton acts. As such, Ms. Williams is inappropriately named as a defendant in her individual capacity and all of Plaintiff's claims against Ms. Williams fail as a matter of law.

    VIII.    *Meadow Hills and Ms. Williams Adopt Any Arguments Raised by Defendants Dupont and WLPP in their Motion for Judgment on the Pleadings.*

In addition to the foregoing arguments, Meadow Hills and Ms. Williams adopt by this reference the arguments raised by Defendants Stephane Dupont and Winzenburg, Leff, Purvis & Payne, LLP in their Motion for Judgment on the Pleadings. 2 MOORE'S FEDERAL PRACTICE - CIVIL § 10.04 (2021) (adoption by reference in motions permitted).

## **CONCLUSION**

All of Plaintiff's claims have previously been released, three times with respect to the majority of the claims. All of the conduct described in the Amended Complaint arises from the Foreclosure, which was brought more than three-and-a-half years prior to the Complaint being filed, or the Parking Accommodation, which occurred two-and-a-half years prior to the Complaint being filed. As such, all of Plaintiff's claims arising are barred by their applicable statutes of limitation. Plaintiff's failure to accommodate claim also fails to state a claim, as the Amended Complaint itself admits that his accommodation request was not denied and Plaintiff has previously admitted that it was not handled in a discriminatory fashion. In addition to being time-barred, Plaintiff's breach of fiduciary duty, breach of statutory obligation of good faith, and breach of implied covenant of good faith and fair dealing allegations fail to state claims for which relief can be granted. Moreover, Ms. Williams is inappropriately named as a defendant in her individual capacity and Plaintiff's claims against her fail as a matter of law.

The defects in Plaintiff's claims are all substantive, not procedural, and are all fatal. No amount of amendments can change the fact that Plaintiff has released his claims three times, that his claims are time-barred. Under these circumstances, dismissal with prejudice is appropriate, even under Fed.R.Civ.P. 12(c). *Bushnell*, 973 F. Supp. at 1281.

NOW THEREFORE, Defendants Meadow Hills and Ms. Williams request the Court grant this Motion For Judgment On The Pleadings, dismiss all of Plaintiff's claims against them, with prejudice, and such other and further relief as this Court deems necessary.

Respectfully submitted this 23rd day of June, 2021.

*/s/   Thomas D. Walton*
Joel S. Babcock
Thomas D. Walton

Sutton | Booker P.C.
4949 S. Syracuse, Suite 500
Denver, Colorado 80237
Telephone:  303-730-6204
Facsimile:   303-730-6208
E-Mail:  jbabcock@suttonbooker.com
twalton@suttonbooker.com
*Attorneys for Defendants,*
*Meadow Hills III Condominium Association And Carol Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2021, I electronically filed a true and correct copy of the above and foregoing Motion For Judgment On The Pleadings with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Nina H. Kazazian
Kazazian & Associates, LLC
825 E. Speer Blvd, Ste  100H
Denver CO  80218
*Attorney for Plaintiff*

Ronald H. Nemirow
N. Rae Hintlian
Nemirow Perez P.C.
445 Union Blvd., #209
Lakewood, CO 80228
*Attorneys for Defendants Stephane Dupont and Winzenburg, Leff, Purvis & Payne, LLP*

/s/   Kayla Elizabeth O'Grady
*A duly signed original is on file at*
*Sutton | Booker | P.C.*