IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-01524-RBJ

**RICHARD WOLF**,

    Plaintiff,

v.

**MEADOW HILLS III CONDOMINIUM ASSOCIATION,
STEPHANE DUPONT and WINZENBURG, LEFF, PURVIS &
PAYNE, LLP**,

    Defendants.

---

**CAROL WILLIAMS' MOTION FOR ATTORNEY FEES AND COSTS
PURSUANT TO C.R.S. § 38-33.3-123**

---

Defendant Carol Williams, by and through her attorneys, Sutton | Booker | P.C., hereby submits the following Motion For Attorney Fees And Costs Pursuant to C.R.S. § 38-33.3-123:

**CONFERRAL**

The undersigned certifies that he conferred with counsel for the Plaintiff regarding the attorney fees requested herein. Plaintiff opposes the relief requested.

**INTRODUCTION**

Plaintiff filed his original Complaint on May 28, 2020. An Amended Complaint followed on July 29, 2020. The Amended Complaint asserted six claims against Ms. Carol Williams: conspiracy to interfere with civil rights; violation of the fair housing act; failure of reasonably accommodate; breach of fiduciary duty; breach of statutory obligation of good faith; and breach of implied covenant of good faith and fair dealing. Individual liability for Ms.

Williams on all six of these claims is clearly prohibited by the Colorado Common Interest Ownership Act ("CCIOA"). Three of the six claims arise directly from CCIOA.

Plaintiff was made aware of the legal defects in his claims against Ms. Williams on or about September 30, 2020, February 22, 2021, March 15, 2021, April 30, 2021, May 12, 2021, May 17, 2021, and May 27, 2021, all prior to the filing of Ms. William's Motion for Judgment on the Pleadings. *See generally*, Letter Re: Basis for Motion for Judgment on the Pleadings [ECF No. 39].

On March 17, 2022, the Court's Order on Defendants' Motions for Judgment on the Pleadings ("the Order") dismissed all of Plaintiff's claims against Ms. Williams. [ECF No. 65], pp. 19, 21.

## LEGAL STANDARD

"In any civil action to enforce or defend the provisions of [CCIOA] or of the declaration, bylaws, articles, or rules and regulations, the court shall award reasonable attorney fees, costs, and costs of collection to the prevailing party." C.R.S. § 38-33.3-123(1)(c). The dispositive question is whether the allegations in the case were based on violations of CCIOA, not whether CCIOA ultimately applied. *Accetta v. Brooks Towers Residences Condo. Ass'n, Inc.*, 2021 COA 87, ¶ 66, cert. denied, 21SC594 (Colo. Mar. 7, 2022) (awarding attorney fees to individual board members after determination that, per CCIOA, "none of the individually-named Defendants can be held liable in tort for any of the damage claims asserted against them"); see also *Cody Park Prop. Owners' Ass'n, Inc. v. Harder*, 251 P.3d 1, 8 (Colo. App. 2009), *as modified on denial of reh'g* (Apr. 15, 2010). An attorney fee award for a prevailing defendant is mandatory where

plaintiff brings an action to enforce provisions of CCIOA. *Accetta*, 2021 COA 87, ¶ 66; *see also Pagosa Lakes Prop. Owners Ass'n, Inc. v. Caywood*, 973 P.2d 698, 703 (Colo. App. 1998).

The presence of insurance coverage, an insurer's payment of attorney fees and litigation costs, or whether fees and costs are ultimately remitted to an insurer is wholly irrelevant to a party's ability to recover attorney fees. *Boulder Plaza Residential, LLC v. Summit Flooring, LLC*, 198 P.3d 1213, 1217 (Colo. App. 2008)

## ARGUMENT

### I.   *Ms. Williams is a Prevailing Party.*

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Under this "American Rule," we follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States,* 511 U.S. 809, 819, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994)."

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 1839, 149 L. Ed. 2d 855 (2001).  A prevailing party is a successful party or one "in whose favor a judgment is rendered." *Id*.

Ms. Williams is unquestionably a prevailing party in this case and for purposes of C.R.S. § 38-33.3-123(1)(c).  The First Amended Complaint [ECF No. 9] raised six claims against Ms. Williams, all of which were dismissed by the Court on March 17, 2022. Order, [ECF No. 65], pp. 19, 21.  As Ms. Williams was successful in securing the dismissal of all claims against her

through her Motion for Judgment on the Pleadings, there is no doubt that she is a prevailing party.

## II. All of Plaintiff's Claims Against Ms. Williams Were Aimed at Enforcing or Defending CCIOA and Meadow Hills III's Governing Documents.

Ms. Williams was only named in this action due to her role as an HOA board member. The Amended Complaint does not allege any individual actions on the part of Ms. Williams outside of her role as a board member. *See generally*, Am. Comp. [ECF No. 9].  As an HOA board member, CCIOA controls the circumstances under which Ms. Williams can be held personally liable for actions taken in that roll and CCIOA governs what duties, if any, she owed to Plaintiff.  Order, [ECF No. 65], pp. 18-19.  Regardless of the failure of Plaintiff's claims against Ms. Williams, they were all aimed at "enforc[ing] or defend[ing] the provisions of [CCIOA] or of the declaration, bylaws, articles, or rules and regulations."  C.R.S. § 38-33.3-123(1)(c).  Moreover, Ms. Williams has relied on enforcement of the statutory protections provided to her by CCIOA in the defense of this case.

## III. Three of Plaintiff's Claims Were Expressly to Enforce or Defend Provisions of CCIOA or Meadow Hills III's Declarations.

The dispositive question is whether the allegations in the case were based on violations of CCIOA, not whether CCIOA ultimately applied.  *Accetta*, 2021 COA 87, ¶ 66.  Of the six claims against Ms. Williams in the First Amended Complaint, three arise explicitly under CCIOA or Meadow Hills III's declaration: (1) breach of fiduciary duty; (2) breach of statutory obligation of good faith; and (3) breach of implied covenant of good faith and fair dealing.  Am. Comp. [ECF No. 9] ¶¶ 150 - 175.

Each of these three claims makes specific reference to "policies and covenants," "governing documents," or "the Association's declaration," respectively. *Id.* at ¶¶ 161, 168, 173. Plaintiff's Combined Response to Defendants' Motions for Judgment on the Pleadings references CCIOA 13 times. *See generally*, [ECF 56]. In addition to various assertions regarding rights under CCIOA, Plaintiff explicitly argued that his claims for breach of duty of good faith and fair dealing and breach of fiduciary duty arise under CCIOA. *Id.* at pp. 13-15. The Order also acknowledges that an HOA board member's duties are governed by CCIOA and Plaintiff's breach of duty of good faith and fair dealing claim arises under CCIOA . Order, [ECF 65], at pp. 18-19.

## CONCLUSION

All of Plaintiff's claims against Ms. Williams have been dismissed, leaving no question that she is a prevailing party in this litigation. Plaintiff's claims against Ms. Williams fell squarely under the provisions of CCIOA and Ms. Williams defense arose from the same. Three of the six claims asserted against Ms. Williams were explicitly pled and argued by Plaintiff as arising under CCIOA. As such, Ms. Williams is entitled to a mandatory order awarding her attorney fees pursuant to C.R.S. § 38-33.3-123(1)(c).

NOW THEREFORE, Defendant, Carol Williams, requests that the Court enter an Order awarding reasonable attorney fees pursuant to C.R.S. § 38-33.3-123(1)(c) and grant her leave to submit an affidavit of fees within 14 days following such Order.

Respectfully submitted this 29th day of March, 2022.

/s/ *Joel S. Babcock*
Joel S. Babcock
Thomas D. Walton
Sutton | Booker P.C.

5

4949 S. Syracuse, Suite 500
Denver, Colorado 80237
Telephone: 303-730-6204
Facsimile: 303-730-6208
E-Mail: jbabcock@suttonbooker.com
E-Mail: twalton@suttonbooker.com
*Attorneys for Defendants,*
*Meadow Hills III Condominium Association And*
*Carol Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2022, a true and correct copy of the foregoing Motion For Attorney Fees And Costs Pursuant to C.R.S. § 38-33.3-123 was served via electronic mail delivery to the following:

Nina H. Kazazian
Kazazian & Associates, LLC
825 E. Speer Blvd, Ste 100H
Denver CO 80218
*Attorney for Plaintiff*

Gregory S. Carter
Leon Cosgrove, LLP
999 18th St., #1925N
Denver, Colorado 80202
*Attorney for Plaintiff*

Ronald H. Nemirow
Nemirow Perez P.C.
445 Union Blvd., #209
Lakewood, CO 80228
*Attorneys for Defendants Stephane Dupont and Winzenburg, Leff, Purvis & Payne, LLP*

                                            */s/ Kayla Elizabeth O'Grady*
                                            *A duly signed original is on file at*
                                            *Sutton | Booker | P.C.*